IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAFAELLA INNELLA<br><br>     v.<br><br>LENAPE VALLEY FOUNDATION, et al. | CIVIL ACTION<br><br>NO. 14-2862 |
|---|---|

MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                        **July 8, 2014**

Plaintiff brings claims against her former employer Lenape Valley Foundation, Doylestown Hospital and one of its employees for age and gender discrimination, retaliation, and invasion of privacy. Plaintiff's employer has moved to dismiss several of the claims against it.

### I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff is an 42-year-old woman who was employed as a crisis worker from 2008 to 2013 at the Lenape Valley Foundation. Complaint ¶13. Lenape provides mental health services at various facilities including Doylestown Hospital. Complaint ¶13. Defendants are Lenape, Doylestown Hospital, and Jeremy Motley, an emergency room nurse at Doylestown Hospital. Complaint ¶¶7-9.

In the spring of 2013 Plaintiff made several complaints about younger co-workers: one who had falsely represented she had a master's degree she had not completed; another who was frequently late or failed to attend work; and other co-workers who "abused call-out privileges." Complaint ¶18. Plaintiff alleges that Defendants subsequently fabricated records showing Plaintiff failed to make required contact with two patients. Complaint ¶19. On or about May 15, 2013, Lenape granted Plaintiff FMLA leave to care for her ill daughter. Complaint ¶22.

On May 17, 2013, Lenape called Plaintiff to "a public area" of the Doylestown Hospital and terminated her for falsifying patient records. Complaint ¶23. Lenape told Plaintiff that

1

Defendant Motley, a nurse at Doylestown Hospital, told Lenape that Plaintiff never met with two patients at Doylestown, contrary to what she wrote in the patients' records.  Complaint ¶¶25-27.  Plaintiff appealed her termination, and pointed to video surveillance showing she did in fact meet with the two patients.  Complaint ¶31.  On May 28, Lenape issued a revised termination letter with new grounds for termination not previously mentioned in any of Plaintiff's employment evaluations, including dressing inappropriately.  Complaint ¶32.  Plaintiff alleges these reasons were "trumped up charges" and that similarly situated younger female employees dressed "provocatively at work and were never disciplined by Defendant Lenape."  Complaint ¶34.

Plaintiff brought claims against Lenape for sex discrimination under Title VII; age discrimination and retaliation under the Age Discrimination Employment Act (ADEA); age and sex discrimination under the Pennsylvania Human Relations Act (PHRA); and retaliation under the Family Medical Leave Act (FMLA).  Plaintiff also claims false light invasion of privacy against Doylestown and Lenape under state law.  Finally, Plaintiff brings a state-law defamation claim against Doylestown.[1]

Defendant Lenape (Defendant) moves to dismiss Plaintiff's claims against it for sex and age discrimination, retaliation, and false light invasion of privacy for failure to state a claim.

## II. THE PARTIES' ARGUMENTS

Defendant contends Plaintiff cannot state a claim for gender discrimination because she does not allege that she was replaced by a male employee, that similarly-situated male employees were treated more favorably, or that gender played a role in Defendant's decision to terminate Plaintiff.  Plaintiff responds that a hostile work environment states a claim under Title VII to support her claim for wrongful termination.

---

[1] Plaintiff may also be seeking relief for defamation against Motley.  Motley is named as a defendant, but is not named in any of the counts of the complaint.  Only Count VII for defamation against Dolyestown mentions Motley in the allegations of the claim.

2

Defendant contends Plaintiff cannot state a claim for age discrimination because she has not alleged that she was replaced by a person sufficiently younger to raise the inference of discrimination, or alleged any facts showing she was treated differently than younger employees. Plaintiff responds that her complaint alleges Defendant terminated her because of her age and this allegation is sufficient to proceed to discovery to seek direct evidence of age discrimination.

Defendant contends Plaintiff cannot state a claim for retaliation under the ADEA because she does not allege she engaged in a protected activity.  Plaintiff responds that it was reasonable to believe complaining about younger co-workers was a protected activity.  Finally, Defendant contends Plaintiff cannot state a claim for false light invasion of privacy because the complaint does not allege that Defendant published the false statements.  Plaintiff did not respond to this contention, but instead argues why her complaint states a claim for FMLA retaliation.  Defendant did not move to dismiss Plaintiff's FMLA claim.

### III.    ANALYSIS

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Iqbal clarified that the

3

Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The Third Circuit applies the same elements in Title VII and the ADEA to find discrimination under the PHRA. Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000), Slagle v. Cnty. of Clarion, 435 F.3d 262, 265 (3d Cir. 2006).

**A. Sex Discrimination**

To support a claim for employment discrimination under Title VII a plaintiff must establish a prima facie case showing she is a member of a protected class, applied for the position and was qualified, and suffered an adverse employment action "under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class." Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999) (affirming grant of a motion to dismiss). Once a plaintiff establishes a

prima facie case, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the employment action.  Id.  Then the burden returns to the plaintiff to show that the employer's articulated reason was pretext for discrimination, and that discrimination was the real reason for the adverse action.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

The complaint adequately alleges the first three elements of the prima facie case: Plaintiff alleges is a woman, worked for Defendant for five years without prior negative performance evaluations, and she was terminated.  The complaint does not plead any facts supporting the conclusion her gender played a role in Defendants' decision to terminate her.

The complaint does not allege that she was replaced by a male employee or that similarly situated male employees were treated more favorably.  The complaint does not allege any facts related to Plaintiff's gender, or how her gender related to Defendant's decision to terminate her.  Accordingly, the complaint fails to allege any facts showing Plaintiff's sex was a factor in her termination and does not state a claim under Title VII or the PHRA.

**B. Age Discrimination**

The ADEA and the PHRA both prohibit age discrimination in employment against any person over age forty.  29 U.S.C. § 623(a)(1).  In order to establish a prima facie case of age discrimination, the plaintiff must demonstrate: (1) she is older than forty; (2) she applied for and was qualified for the position; (3) she suffered an adverse action; and (4) she was replaced by a sufficiently younger person to support the inference of age discrimination.  Sempier v. Johnson & Higgins, 45 F.3d 724, 727 (3d Cir.), cert. denied, 515 U.S. 1159 (1995) (reversing summary judgment for the employer).

The complaint alleges Plaintiff is older than forty, and, as discussed above, that she was qualified for the position, and suffered an adverse action. The complaint does not allege that she was replaced by a younger person, or any facts showing age was the reason for her termination.[2]

Plaintiff asserts that alleging in the complaint she was fired because of her age "is more than sufficient at this stage of litigation to . . . allow the case to proceed with discovery." Pl's Br. at 15. This is an incorrect statement of the law. The Supreme Court clearly held in Iqbal that "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). "As such, the allegations are conclusory and not entitled to be assumed true." Id. at 681. The allegation that Plaintiff was terminated because of her age is conclusory, and under Supreme Court precedent, is not assumed to be true. Plaintiff must plead facts that support the conclusion she was terminated because of her age.

**C. Retaliation**

Title VII prohibits retaliation against an employee because he or she engaged in a protected activity. 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation a plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Krouse v. Am.

---

[2] Defendant notes in its brief that the person who replaced Plaintiff was three years younger. At this stage the Court only considers facts alleged in the complaint. But, the Third Circuit has consistently held an age difference of less than four years, alone, does not support an inference of age discrimination. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 113 (3d Cir. 1997) (affirming summary judgment for the defendant because an age difference of more than four years was insufficient to support an inference of discrimination), Emmett v. Kwik Lok Corp., 528 F. App'x 257, 260 (3d Cir. 2013) (affirming summary judgment for the defendant because a five year age difference in addition to two age-related comments did not support a prima facie case of discrimination). In one case, the Third Circuit noted that an age difference of seven years was not sufficiently younger to support an inference of discrimination. Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n.9 (3d Cir. 2000) (affirming a jury verdict for the defendant).

Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (affirming summary judgment for the defendant).

"A protected activity can be either participation in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006). A plaintiff does not need to show the conduct complained of was in fact discriminatory, but the plaintiff must show she had "a good faith, reasonable belief that a violation existed." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996) (reversing summary judgment for defendants on the plaintiffs' retaliation claims because the plaintiffs complaints that black employees were being harassed, and questioned why black employees were paid less was a protected activity).

Plaintiff alleges that she complained that younger employees came in late or inappropriately called out of work, and that a younger employee lied about a credential she did not have. Plaintiff does not allege that she complained that male employees or younger employees were treated more favorably or were paid more because of their age. Merely complaining about a person who is outside of the protected class is not a protected activity. Plaintiff has not stated a claim for retaliation because no reasonable person could believe the conduct about which she complained violated either Title VII or the ADEA.

**D. False Light Invasion of Privacy**

False light invasion of privacy is a Pennsylvania common law claim for the publication of material that "is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (quoting Larsen v. Phila. Newspapers, Inc., 543 A.2d 1181, 1188 (Pa. Super. Ct.

1988) (en banc)). "'Publicity' means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Vogel v. W. T. Grant Co., 327 A.2d 133, 137 (Pa. 1974) (quoting Restatement (Second) of Torts, § 652D, comment a). "The crux of the tort developed in these cases and described in section 652D is publicity." Id. at 136. ("Without it there is no actionable wrong.").

"Disclosure of information to only one person is insufficient." Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984). The Supreme Court of Pennsylvania reversed an injunction against a creditor who contacted the plaintiffs' employers and family members regarding the plaintiffs' outstanding debts because "notification of two or four third parties is not sufficient to constitute publication." Vogel, 327 A.2d at 137-38 (contrasting these facts to the "classic example" of placing a "five by eight foot notice calling attention to customer's overdue account" which "disclos[ed] the existence of the debt to the public at large"). The court held "[w]ithout proof of publication, appellees have not established an actionable invasion of privacy." Id.

Judge Pratter of this Court recently held the publicity element was not met where the plaintiff alleged the defendant sent a letter and made phone calls to an unspecified number of individuals notifying them that the defendants were investigating the plaintiff for fraud. Schatzberg v. State Farm Mut. Auto. Ins. Co., 877 F. Supp. 2d 232, 246 (E.D. Pa. 2012) ("In light of the nature of Mr. Babin's alleged communications—phone calls, as opposed to media publication—and the vague allegation about the number of persons he contacted, the Court concludes that these allegations fall short of constituting the publicity necessary to establish a false light invasion of privacy claim."). Judge Pratter explained that "such dissemination may be

8

sufficient to establish publicity for a defamation claim, [but] it is a far cry from the publicity necessary to establish a false light invasion of privacy claim." Id. (dismissing the false light invasion of privacy claim because it failed to adequately allege publication).

Here Plaintiff alleges Defendant "called Plaintiff into a public area of Defendant Doylestown [Hospital] and terminated Plaintiff for alleged 'neglect and alleged falsification of client record.'" Complaint ¶23. Plaintiff alleged this termination was "in full view of Defendant Doylestown's staff." Complaint ¶29. These allegations are even more vague than the allegations in Schatzberg. Plaintiff has not alleged that a sufficient number of people were in the "public place" of the Doylestown Hospital at the time the statements were made, or that the statements were made loudly enough for others to hear so that the statements became a matter of public knowledge. Plaintiff should be granted leave to amend her complaint to plead additional facts consistent with Rule 11.

### IV.  CONCLUSION

Absent a discriminatory or retaliatory purpose, employers in Pennsylvania are permitted to terminate employees for any reason or no reason at all. Paul, M.D. v. Lankenau Hospital, 569 A.2d 346, 348 (Pa. 1990). Just because Plaintiff believes she was unfairly terminated does not mean her termination was in violation of federal law. Plaintiff has not plead any facts that indicate her gender or age were related to Defendant's decision to terminate or that Defendant publicized highly offensive false information about Plaintiff. Defendant's motion to dismiss will be granted without prejudice, but Plaintiff shall be granted leave to amend her complaint.

An appropriate Order follows.

O:\CIVIL 14\14-2862 innella v. lenape\14cv2862.mtd.memo.docx