IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RAFAELLA INNELLA<br><br>　　v.<br><br>LENAPE VALLEY FOUNDATION, et al. | CIVIL ACTION<br><br>NO. 14-2862 |
|---|---|

<u>**MEMORANDUM RE: MOTION TO DISMISS AMENDE COMPLAINT**</u>

**Baylson, J.**                                                                                                                                                          **September 29, 2014**

In an amended complaint, Plaintiff brings claims against her former employer, Lenape for FMLA violations (Count I), Lenape and the Doylestown hospital for false light invasion of privacy (Count II), and Doylestown and one of its employees, Jeremy Motley, for defamation (Count III). Defendants move to dismiss Count II charging false light invasion of privacy against Lenape and Doylestown, and Count III charging defamation against Doylestown and Motley.

       **I.**     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff was employed as a crisis worker from March 6, 2006 to May 17, 2013 at the Lenape Valley Foundation. Amend. Compl. ¶13. Lenape provides mental health services at various facilities including Doylestown Hospital. Amend. Compl. ¶5. Defendants are Lenape, Doylestown Hospital, and Jeremy Motley, an emergency room nurse at Doylestown Hospital. Amend. Compl. ¶¶6-7.

On or about May 8, 2013, Plaintiff applied for and was granted FMLA leave to care for her ill daughter. Amend. Compl. ¶17. Plaintiff alleges Lenape "embarked on a campaign of retaliation against Plaintiff in an effort to terminate her employment and deny and interfere with her FMLA rights." Amend. Compl. ¶19. On May 14 Defendant Motley, a nurse at Doylestown

hospital, told Lenape that Plaintiff never met with a patient at Doylestown, contrary to what she wrote in the patients' records. Amend. Compl. ¶22.

On May 17, 2013, Lenape called Plaintiff to "a public area" of the Doylestown Hospital and terminated her for falsifying patient records. Amend. Compl. ¶¶23 & 38. Security guards and two of Plaintiff's co-workers overheard the termination. Amend. Compl. ¶38. Lenape told Scott Urbinati, a supervisor at Doylestown, and Plaintiff's co-worker Laura Lee Devenuto that Plaintiff was terminated and they needed to identify incidents that supported her termination. Amend. Compl. ¶26. After Plaintiff was terminated, Lenape inserted a memo dated November 6, 2013 into her employee file to make it appear Plaintiff had received a written warning before her termination. Amend. Compl. ¶30. Lenape also falsely told Doylestown security that Plaintiff had threatened co-workers, and directed co-workers not to speak to Plaintiff. Amend. Compl. ¶42. Plaintiff also alleged Defendant Motley bragged to a co-worker that he caused Plaintiff's termination on our around May 21, 2013. Amend. Compl. at ¶25.

Plaintiff appealed her termination, and pointed to video surveillance showing she did in fact meet with the patient on May 14 and did not falsify the patient's records. Amend. Compl. ¶46. On May 28, Lenape issued a revised termination letter with new grounds for termination not previously mentioned in any of Plaintiff's employment evaluations. Amend. Compl. ¶47. Plaintiff alleges these reasons were "trumped up charges" and were pretext for FMLA retaliation. Amend. Compl. ¶¶47-48.

On May 20, 2014, Plaintiff brought claims against Lenape for sex discrimination under Title VII; age discrimination and retaliation under the Age Discrimination Employment Act (ADEA); age and sex discrimination under the Pennsylvania Human Relations Act (PHRA); retaliation under the Family Medical Leave Act (FMLA); and false light invasion of privacy.

(ECF 1). Lenape moved to dismiss[1] Plaintiff's claims for discrimination and false light invasion of privacy, which this Court granted with with leave to amend. Innella v. Lenape Valley Found., No. 14-2862, 2014 WL 3109973 (E.D. Pa. July 8, 2014). Plaintiff subsequently amended her complaint, but did not re-plead her claims for discrimination. (ECF 20). The Amended Complaint claims interference and retaliation for exercising FMLA rights against Lenape (Count I); false light invasion of privacy against Lenape and Doylestown (Count II); and defamation against Doylestown and Motley (Count III). (ECF 20).

Lenape again moves to dismiss Plaintiff's claim in Count II for false light invasion of privacy for failure to state a claim. (ECF 21). Doylestown also moves to dismiss Count II for false light invasion of privacy and Doylestown and Motley both move to dismiss Plaintiff's Count III for defamation for failure to state a claim. (ECF 22).

## II.    THE PARTIES' ARGUMENTS

Defendants Doylestown and Motley contend Plaintiff's claims for false light invasion of privacy and defamation are time-barred by the one-year statute of limitations because Plaintiff did not file her complaint until May 20, 2014, more than one year after the allegedly defamatory statements were made on May 14, 2013. Plaintiff responds that the discovery rule applies to toll her claims because she did not learn of the defamatory statements until her appeal hearing on May 28, 2013. Plaintiff also asserts Motley's statements of May 21, 2013 are the basis of her claim for false light invasion of privacy.

Defendant Lenape contends Plaintiff cannot state a claim for false light invasion of privacy because the Amended Complaint does not allege that Lenape communicated the matter to the public at large, but only to "a small handful" of employees at Lenape and Doylestown. Lenape's Br. at 6. Plaintiff responds that the allegation the statements were made in a public

---

[1] Doylestown and Motley did not move to dismiss Plaintiff's claims against them in Counts II and III at that time.

3

place of the hospital, within earshot of security guards and two co-workers is sufficient to meet the publication requirement.

### III. ANALYSIS

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead

4

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**A. Statute of Limitations**

"An action for libel, slander or invasion of privacy" is subject to a one-year statute of limitations under Pennsylvania law. 42 P.S. § 5523(1). The Supreme Court of Pennsylvania applied this limitation to defamation claims. Dominiak v. Nat'l Enquirer, 439 Pa. 222, 225, 266 A.2d 626, 628 (1970) (holding the limitations period begins to run for each publication of a defamatory statement). Plaintiff filed suit on May 20, 2014. (ECF 1). Accordingly, Plaintiff's claims for defamation and false light invasion of privacy arising prior to May 20, 2013 are time-barred, absent a basis for tolling.

Plaintiff asserts the discovery rule applies to toll her claims. The Supreme Court of Pennsylvania has stated that the discovery rule "arises from the inability of the injured, despite the exercise of due diligence, to know of the injury, or its cause." Pocono International Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). "The focus of the discovery rule inquiry should center upon an injured party's knowledge concerning the origin and existence of his injuries as related to the conduct of others. Knowledge of the exact identity of who caused the injury is not required." Robinson v. Lowe's Home Centers, Inc., No. 06-4403, 2007 WL 2739187, at *2 (E.D. Pa. Sept. 19, 2007) (quoting Revell v. Port Auth. Of New York And New Jersey, No. 06-402(KSH), 2007 WL 2462627, at *4 n.4 (D.N.J. Aug. 27, 2007)). "Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it." Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). "Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his

injury and its cause, the court determines that the discovery rule does not apply as a matter of law." Id. at 858-59.

The Amended Complaint alleges Motley made false and defamatory statements to Lenape on May 14, 2013. Amend. Compl. ¶22. The Amended Complaint does not allege any further defamatory statements by Motley,[2] or any statements by Doylestown. Plaintiff does not explain the basis of her claims against Doylestown in either her Amended Complaint or Response Brief. Presumably Plaintiff seeks to impose liability on Doylestown for Motley's statements under a theory of respondeat superior.

Plaintiff asserts the statute of limitations should be tolled under the discovery rule, because she did not learn that Motley made the statements until she was terminated on May 28, 2013. But the Amended Complaint does not support this assertion. Plaintiff alleges that "Defendant's Motley's statement was specifically used by Defendant Lenape as a basis to terminate Plaintiff on May 17, 2013 (the 'May 17th Termination') for falsification of a patient record." Amend Compl. ¶22. Plaintiff further alleged that "[i]n Plaintiff's May 17th Termination, Defendant Lenape referred to Defendant Motley's statements as 'credible repors'(sic)." Amend. Compl. ¶23.[3] These allegations show that Plaintiff knew of the allegedly false and defamatory statements on May 17. Even if Plaintiff did not know that Motley was the source of the allegedly defamatory and false statements, "[k]nowledge of the exact identity of who caused the injury is not required." Robinson, 2007 WL 2739187, at *2.

---

[2] Plaintiff also does not assert Motley's May 21 statements are the basis of her defamation claim. Rather, she only asserts those statements as the basis of her claim for false light invasion of privacy against Doylestown.
[3] The Amended Complaint further alleged "Defendant Lenape informed Plaintiff that Plaintiff's termination was based on certain statements made by a nurse who worked for Defendant Doylestown that Plaintiff did not come to the lobby area of Doylestown Hospital to meet with patients 'RG' and 'GM'. Moreover, the May 17th Termination was based on a false allegation that Defendant Lenape stated that this patient was intoxicated." Amend. Compl. ¶43.

Finally, Plaintiff's contention that she was not injured by the statements until May 28 is unavailing because she was in fact terminated on May 17, 2013, and that decision was merely affirmed on May 28. Cf. Barron v. Saint Joseph's Univ., No. 01-3063, 2002 WL 32345690 (E.D. Pa. Jan. 17, 2002) (denying a motion to dismiss based on a statute of limitations because it was unclear from the allegations in the complaint whether the plaintiff could have discovered the defamatory statements made prior to her termination). Moreover, Plaintiff alleges that the decision was upheld despite proof that the statements by Motley were false. Amend. Compl. ¶¶46-47. ("At this conference, it was discovered that the information that was reported by Defendant Motley . . . was false. . . . On May 28, 2013, Defendant Lenape, through Hartl, issued a 'revised termination' letter and included new 'trumped up' charges and that never appeared on any of Plaintiff's prior performance evaluations."). Thus, she could not have been injured by those statements on May 28, if they were no longer the basis of her termination. Accordingly, Plaintiff's claims for invasion of privacy[4] against Doylestown and defamation against Motley and Doylestown based on the May 14 and May 17, 2013 statements are untimely because the claim was filed on May 20, 2014, more than one year later, and will be dismissed.

In her responsive briefing, Plaintiff asserts alleged statements by Motley on May 21, 2014 are also the basis of her claims for false light invasion of privacy against Doylestown. Since these statements occurred less than one year before Plaintiff filed suit, claims based on these statements are not timed-barred. But, for the reasons explained below, the allegations fail to state a claim and this claim will also be dismissed.

---

[4] As discussed below, Plaintiff has also not sufficiently alleged the publication requirement to state a claim for false light invasion of privacy against Doylestown.

**B. False Light Invasion of Privacy**

False light invasion of privacy is a Pennsylvania common law claim for the publication of material that "is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (quoting Larsen v. Phila. Newspapers, Inc., 543 A.2d 1181, 1188 (Pa. Super. Ct. 1988) (en banc)). "'Publicity' means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Vogel v. W. T. Grant Co., 327 A.2d 133, 137 (Pa. 1974) (quoting Restatement (Second) of Torts, § 652D, comment a). "The crux of the tort developed in these cases and described in section 652D is publicity." Id. at 136. ("Without it there is no actionable wrong.").

As this Court recounted in its previous opinion on Defendant's motion to dismiss, "[d]isclosure of information to only one person is insufficient." Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984) (affirming dismissal of a complaint that alleged disclosure of private information to one person)). The Supreme Court of Pennsylvania reversed an injunction against a creditor who contacted the plaintiffs' employers and family members regarding the plaintiffs' outstanding debts because "notification of two or four third parties is not sufficient to constitute publication." Vogel, 327 A.2d at 137-38 (contrasting these facts to the "classic example" of placing a "five by eight foot notice calling attention to customer's overdue account" which "disclos[ed] the existence of the debt to the public at large").

> The disclosure . . . must be a public disclosure, and not a private one; there must be, in other words, publicity. It is an invasion of his rights to publish in a newspaper that the plaintiff did not pay his debts, or to post a notice to that effect in a window on the public street, or to cry it aloud in the highway, but not to communicate the fact to the plaintiff's employer, or to any other individual, or even to a small group. . . .

8

Id. at 137 (quoting W. Prosser, Handbook of the Law of Torts s 117, at 810 (4th ed. 1971)).  The court held "[w]ithout proof of publication, appellees have not established an actionable invasion of privacy."  Id. at 138.

**1. Lenape**

Plaintiff alleges Defendant Lenape "called Plaintiff into a public area of Defendant Doylestown and terminated Plaintiff in a public area of Doylestown Hospital in full public view for the alleged falsifications of patient records."  Amend. Compl. ¶38.  Plaintiff alleges two co-workers and "Doylestown Hospital security personnel" present to escort Plaintiff from the building were present and "overheard the termination."  Amend. Compl. ¶38.  Finally, Plaintiff alleges she was placed in a false light before family, friends and the general public.  Amend. Compl. ¶62.  This last allegation is conclusory as it is not supported by the facts alleged in the Amended Complaint, and will be disregarded.  Iqbal, 556 U.S. at 678.

The Amended Complaint does not specify the number of security personnel who were present.  Even assuming two or three guards were summoned to escort Plaintiff from the building, the Amended Complaint alleges only four or five employees of Defendants heard the allegedly false statements.  Amend. Compl. ¶38 ("Present and who overheard the termination were Doylestown Hospital security personnel . . ., and Amy Wilcox and Joan Passman, Plaintiff's co-workers."). This is no more than the "small group" of four persons notified of the plaintiff's debts in Vogel, which was insufficient to meet the publication requirement.  327 A.2d at 138; see also Wells v. Thomas, 569 F. Supp. 426, 437 (E.D. Pa. 1983) (granting summary judgment to defendants on an invasion of privacy claim because the plaintiff failed to show publication where the defendant told two other employees about the plaintiff's termination and that information spread throughout the hospital staff).

9

Plaintiff cites to Bennett v. Norban, where a shopkeeper "dramatic[ally] pantomime[d] suggesting to the assembled crowd that appellant was a thief." 151 A.2d 476, 478 (Pa. 1959). But unlike the shopkeeper in Bennett, this incident was not on a public street where "[p]assers-by stopped to watch." Id. Instead, the only persons alleged to have heard the communications were employees of Defendants: Plaintiff's two co-workers and Doylestown Hospital security guards. Accusing a person of theft in front of a crowd of strangers publicizes a false statement in a way that terminating a person in front of co-workers does not. Certainly both experiences may be humiliating. But to state a claim, Plaintiff must allege that the information became known to the public at large, not a small group of fellow employees. Cf. In re Mack, 126 A.2d 679, 682 (Pa. 1956) (printing images in a newspaper supported a claim for invasion of privacy); Krochalis v. Ins. Co. of N. Am., 629 F. Supp. 1360, 1371 (E.D. Pa. 1985) (denying a defendant's motion for summary judgment because the "evidence in this case [shows] that the information became common knowledge not just at plaintiff's former workplace, but throughout the entire insurance industry").

**2. Doylestown**

Plaintiff alleged that one week after she was terminated, "Defendant Motley was openly bragging to his co-workers at Doylestown Hospital about his 'accomplishment' of getting Plaintiff terminated." Amend. Compl. at ¶25. Plaintiff also appended to her complaint a copy of an email dated May 22, 2013 from Rick Eusebi to Sharon Curran "that staff in the ER are openly celebrating [Plaintiff's] absence and Jeremey [Motley] has been bragging that he is the one who accomplished this." Amend. Compl. Ex. A. As discussed above, Plaintiff does not specify, but presumably seeks to impose liability on Doylestown based on Motley's statements under a theory of respondeat superior.

"Publication to the community of employees at staff meetings and discussions between defendants and other employees is clearly different from the type of public disclosure" required to state a claim for false light invasion of privacy. Wells v. Thomas, 569 F. Supp. 426, 437 (E.D. Pa. 1983) (finding "a mere spreading of the word by interested persons in the same way rumors are spread" does "not constitute 'publicity'"). In Wells v. Thomas, Judge Giles of this Court granted defendants summary judgment on a claim for invasion of privacy where an employer disclosed the details of the plaintiff's separation agreement because the information regarding her resignation was not highly offensive nor was it confidential. Id. Finally, the plaintiff did not meet the publication requirement because the plaintiff's "absence and the reasons for her absence was clearly information which [co-workers] would want, or feel a need, to know. Imparting this information at a staff meeting or in response to individual questions by employees would be appropriate and would not constitute publication." Id.

Plaintiff presents similar facts in her Amended Complaint. First, the fact of an employee's termination is not private information or highly offensive information to communicate others at the workplace. See also Martin v. Myers, 25 Pa. D. & C.3d 243, 252 (Pa. Com. Pl. 1981) ("The mere statement, however, that plaintiff was no longer employed by [the defendant] cannot be considered defamatory."). Even if Plaintiff could show that her termination was a private matter within her workplace, Judge Giles of this Court has previously held that a sharing of that information "in the same way rumors are spread" does not, as a matter of law, meet the publicity requirement. Wells, 569 F. Supp. at 437. Accordingly, Plaintiff's amended complaint does not state a claim for defamation or false light invasion of privacy based on Motley's statements the week of May 21, 2013.

## IV. CONCLUSION

Plaintiff's claims for defamation and false light invasion of privacy against Defendants Doylestown Hospital and Jeremy Motley are barred by the one-year statute of limitations. Plaintiff's Amended Complaint does not allege facts supporting the publication requirement to state a claim for false light invasion of privacy against Defendants. Thus Counts II and III will be dismissed. Count I of Plaintiff's complaint asserting FMLA violations against Lenape remains.

O:\CIVIL 14\14-2862 innella v. lenape\14cv2862.mtd.amendcomplaint.memo.docx